United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOUISE CONTRERAS,<br><br>Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC., et al.,<br><br>Defendants. | Case No. 25-cv-03094-EKL<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND REMANDING CASE**<br><br>Re: Dkt. Nos. 8, 13, 16 |

Plaintiff Mary Louise Contreras ("Contreras") filed this action against her employer, 7-Eleven, Inc. ("7-Eleven"), and her supervisor, Kristy Gerardo ("Gerardo"), for discrimination, harassment, and wrongful termination based on her disability. Contreras moved to remand the case to Santa Cruz County Superior Court – where it was originally filed – for lack of diversity jurisdiction because Contreras and Gerardo are both citizens of California. Defendants opposed, arguing that Gerardo was a fraudulently joined sham defendant.

Magistrate Judge van Keulen issued a report and recommendation to remand the case. R. & R., ECF. No. 13. Defendants filed an objection and a motion for de novo determination. *See* Mot., ECF No. 16; Fed. R. Civ. P. 72(b). The Court carefully reviewed the parties' briefs and the relevant authority. For the following reasons, the Court OVERRULES 7-Eleven's objection, ADOPTS the report and recommendation, and GRANTS Plaintiff's motion to remand.

## I.      BACKGROUND

Contreras worked as an area leader at 7-Eleven from 2016 to 2023. Compl. ¶¶ 1, 9, ECF No. 1-2. In that role, Contreras was responsible for supervising thirteen different stores, "ensuring store compliance and other management tasks." *Id*. ¶ 10. Contreras was supervised by Gerardo. *Id*. ¶¶ 4, 11. Contreras and Gerardo are California citizens. *Id*. ¶¶ 2, 4.

In February 2023, while attending a conference organized by 7-Eleven in Las Vegas, Contreras tripped and fell, injuring her right shoulder. *Id*. ¶ 12. After Contreras returned home, she was diagnosed with a torn tendon. *Id*. ¶ 13. Contreras reported her injury to Susan Hager, 7-Eleven's Senior HR Business Partner. *Id*.

When Contreras returned to work shortly after her injury, Gerardo "assigned her physically strenuous tasks and required her to drive long distances despite the pain these activities caused" her. *Id*. ¶ 14. For example, Gerardo required Contreras to stock heavy items and drive as far as five hours in a single direction. *Id*. ¶¶ 10, 14. These tasks "exceed[ed] the typical scope of [Contreras's] title and responsibilities" as a manager. *Id*. ¶ 10. Gerardo required Contreras to perform this work despite knowing that she was injured. *Id*. Contreras alleges that she "endured continual pain in her shoulder" because of Gerardo's directives. *Id*.

On March 1, 2023, Contreras began a medical leave of absence because of her shoulder injury. *Id*. ¶ 15. In July 2023, Contreras's doctor extended her medical leave of absence to December 1, 2023. *Id*. ¶ 18. In September 2023, Contreras received surgery for her shoulder injury, and she continued to update 7-Eleven of her medical status. *Id*. ¶ 19. On November 30, 2023, Contreras provided Hager with a doctor's note certifying that she could return to work on December 11, 2023. *Id*. ¶ 20. On December 7, 2023, Contreras confirmed to Hager that she had been cleared to work and "inquired about her next steps." *Id*. ¶ 21. Receiving no response, Contreras emailed Gerardo on December 11, 2023, about returning to work. *Id*. ¶ 22. Instead of arranging for Contreras to return to work, 7-Eleven terminated her employment. *Id*. ¶ 23.

On February 13, 2025, Contreras filed this action against 7-Eleven and Gerardo. Contreras asserts five claims under the California Fair Employment and Housing Act ("FEHA") for (1) disability harassment (*id*. ¶¶ 24-32), (2) disability discrimination (*id*. ¶¶ 33-39), (3) failure to engage in the interactive process (*id*. ¶¶ 40-46), (4) failure to accommodate (*id*. ¶¶ 47-52), and (5) retaliation (*id*. ¶¶ 53-60).[1] Only the first cause of action – harassment – is asserted against Gerardo. *Id*. ¶¶ 24-32.

United States District Court
Northern District of California

---

[1] Contreras also asserts wrongful termination and whistleblower retaliation against 7-Eleven.

On April 4, 2025, Defendants removed the case to federal court based on diversity jurisdiction. Notice of Removal, ECF No. 1. The notice of removal contends that Gerardo is a sham defendant because Gerardo's personnel management decisions, standing alone, are insufficient for a harassment claim, and because Contreras failed to allege harassment "severe and pervasive" enough to create a hostile work environment. *Id.* at 5-6. On April 22, 2025, Contreras moved to remand the case to state court, arguing that diversity jurisdiction is lacking because Gerardo was properly named as a defendant. Mot. to Remand, ECF No. 8. After briefing concluded, Magistrate Judge van Keulen issued a report and recommendation to remand the case, finding that Gerardo was not fraudulently joined. ECF No. 13.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When an action is originally filed in state court, "[a] defendant may remove [it] to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). But there is a "'strong presumption' against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Consistent with these principles and with reverence for state courts, federal courts resolve "all ambiguity in favor of remand." *Hunter*, 582 F.3d at 1042.

Removal based on diversity jurisdiction "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001). However, the court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). In the Ninth Circuit, there are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. at 548 (quoting *Hunter*, 582 F.3d at 1044).

Under the second approach to establishing fraudulent joinder, the defendant must "show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn*, 139

3

F.3d 1313, 1318 (9th Cir. 1998); *see also McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (holding that a plaintiff's failure to state a claim must be "obvious according to the settled rules of the state"). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Grancare*, 889 F.3d at 549. If the plaintiff fails to plausibly state a claim, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550.

A defendant asserting fraudulent joinder "bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder,'" which is consistent with the "strong presumption" against removal jurisdiction. *Id.* at 548 (quoting *Hunter*, 582 F.3d at 1046). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "And while the party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined, in many cases, the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." *Grancare*, 889 F.3d at 549 (citations omitted).

## III.   DISCUSSION

When a party objects to a magistrate judge's ruling on a dispositive matter, the district court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Civil L.R. 72-3(a). Here, 7-Eleven objects to Judge van Keulen's recommendation to remand the case to state court and asks the Court to find that Gerardo was fraudulently joined because Contreras cannot possibly state a harassment claim against her. Mot. at 7. 7-Eleven raises two primary arguments. First, 7-Eleven argues that Gerardo's assignment of certain work tasks constitutes ordinary personnel management conduct that cannot support a harassment claim. Mot. at 6-9. Second, 7-Eleven argues that Contreras has not alleged conduct that is severe or pervasive enough to establish a hostile work environment. Mot. at 10-12. The Court first conducts a de novo review of Contreras's allegations, then addresses 7-Eleven's arguments in turn.

4

United States District Court
Northern District of California

### A.    Contreras's Allegations

FEHA prohibits an employer or "any other person" from harassing an employee.  Cal. Gov't Code § 12940(j)(1).  To state a harassment claim, the plaintiff must plausibly allege that "(1) she is member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her protected status; (4) the harassment unreasonably interfered with her work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendants are liable for the harassment."  *Ortiz v. Dameron Hosp. Ass'n*, 37 Cal. App. 5th 568, 581 (2019).  To establish fraudulent joinder, 7-Eleven has the heavy burden of proving by clear and convincing evidence not only that Contreras fails to state a claim, but that Gerardo "cannot be liable" for harassment in this case.  *Ritchey*, 139 F.3d at 1318.

7-Eleven has not met its burden here because Contreras has alleged facts to support each element of a harassment claim against Gerardo.  First, Contreras alleges that she is a member of a protected class because she has a disability (*i.e.*, her shoulder injury).  Compl. ¶ 13.  Second, Contreras was allegedly subjected to harassment when Gerardo ordered her to perform painful and menial tasks, despite knowing of Contreras's injury and despite her managerial role.  *Id*. ¶¶ 10, 14.  Third, Gerardo knew of Contreras's disability, thus her orders to perform painful work tasks could be construed as targeting Contreras's disability.  *Id*. ¶ 14.  Fourth, Gerardo's directives could have created a hostile work environment because Contreras allegedly suffered "continual pain" as a result.  *Id*. ¶¶ 14, 29-30.  Additionally, Gerardo ignored Contreras's correspondence asking to return to work, which may have conveyed that Contreras was not welcome in the workplace because she took medical leave.  *Id*. ¶ 22.  Finally, Gerardo's actions proximately caused the alleged harassment.  *Id*. ¶ 31.

Even if a state court might find these allegations insufficient as currently pleaded, the Court cannot conclude that the harassment claim is destined to fail even if Contreras is granted leave to amend.  The California Legislature recognizes that "[h]arassment cases are rarely appropriate for disposition on **summary judgment**," noting that hostile work environment issues are "not determinable on paper."  Cal. Gov't Code § 12923(e) (emphasis added) (quoting *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 286 (2009).  Given the fact-intensive nature of

5

harassment claims, it would be premature at this stage to hold that Gerardo "cannot be liable" in this case. *Ritchey*, 139 F.3d at 1318. Therefore, the case must be remanded to state court.

### B.   Liability for Personnel Management Conduct

7-Eleven argues that the complaint alleges "only non-actionable personnel management actions" by Gerardo – *e.g.*, the assignment of certain work tasks – that "cannot establish a valid harassment claim." Mot. at 6. But a manager like Gerardo is not categorically shielded from harassment claims solely because her conduct can be characterized as "personnel management."

In *Reno v. Baird*, the California Supreme Court observed that certain "commonly necessary personnel management actions . . . do not come within the meaning of harassment" for purposes of FEHA liability. 18 Cal. 4th 640, 646-47 (1998) (citation omitted). "These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment." *Id*. at 647. But the California Supreme Court later clarified in *Roby v. McKesson Corp.* that "evidence that would otherwise be associated with a discrimination claim can form the basis of a harassment claim" where "the hostile message that constitutes the harassment is conveyed through official employment actions." 47 Cal. 4th 686, 708 (2009). "Moreover, in analyzing the sufficiency of evidence in support of a harassment claim, there is no basis for excluding evidence of biased personnel management actions so long as that evidence is relevant to prove the communication of a hostile message." *Id*.

Consistent with *Roby*, courts in this District have held that supervisors may be liable for harassment under circumstances like the ones alleged here. For example, in *Xie v. Wal-Mart Associates., Inc.*, the plaintiff alleged that he received a "sudden increase in workload and unreasonable deadlines" after returning from leave, and a supervisor discouraged him from taking further leave. No. 25-cv-00091-HSG, 2025 WL 1135082, at *1 (N.D. Cal. Apr. 17, 2025). Plaintiff told his supervisors that this conduct caused him "significant distress," and in response, the company reported plaintiff to its security department "as a possible workplace threat" and ultimately terminated his employment. *Id*. The court remanded the case, concluding that it was "possible that a state court could find" plaintiff's allegations sufficient for a harassment claim. *Id*.

6

at *3; *see also Loi Ngo v. United Airlines, Inc.*, No. 19-cv-04277-JCS, 2019 WL 6050832, at *7 (N.D. Cal. Nov. 15, 2019) (holding that "supervisorial decisions" may support a harassment claim and remanding case for lack of fraudulent joinder); *Fuqua v. United Parcel Serv., Inc.*, No. 16-cv-01193-JCS, 2017 WL 4516843, at *24 (N.D. Cal. Oct. 10, 2017) (denying summary judgment for defendant on harassment claim where manager accused plaintiff of using an injury as an "excuse not to show up to work"); *Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 707-08 (N.D. Cal. 2014) (denying motion to dismiss harassment claim in part due to supervisor's "demeaning comments about [plaintiff's] medical conditions").[2]

The cases 7-Eleven cites in its objection are not analogous to the facts alleged here.  In *Quigley v. United Airlines, Inc.*, the complaint mentioned the manager "only once," and the manager's "only alleged involvement in the case was terminating [plaintiff] by sending him a termination letter."  No. 3:21-cv-00538-WHO, 2021 WL 1176687, at *5-6 (N.D. Cal. Mar. 29, 2021).  In *Hawkins v. Transdev Services, Inc.,* the plaintiff failed to identify any "hostile message" conveyed by typical "personnel management conduct, *e.g.*, scheduling, write-ups, and termination."  No. 23-cv-01259-AMO, 2023 WL 8482872, at *4 (N.D. Cal. Dec. 7, 2023).  Moreover, counsel "represented that all the facts regarding [the manager's] conduct [were] already alleged."  *Id.* at *4-5.  Because plaintiff could not identify any other facts to support the harassment claim, remand was appropriate.  *Id.* at *5.  Here, by contrast, Gerardo's alleged decision to knowingly assign Contreras work that would cause her pain may have conveyed a hostile message that Contreras was unwelcome at work due to her disability.  Additionally, unlike in *Hawkins*, Contreras may be able to allege additional facts to support her harassment claim.  Thus, it is not clear that Contreras "cannot possibly state a cause of action" against Gerardo.  *See id*. at *5.

---

[2] Defendants argue that the report and recommendation improperly relied on *Josemite IV Inc. v. FedEx Ground Package System, Inc.*, No. 19-cv-08184-BLF, 2020 WL 1131234 (N.D. Cal. Mar. 9, 2020).  But *Josemite IV* is directly on point because it applied the principle in *Roby* – that official employment actions can serve as evidence of harassment – in resolving a motion to remand.  *Id*. at *4-5.  Fraudulent joinder was lacking in *Josemite IV* because there was a possibility that a state court would find that the alleged conduct conveyed an offensive and hostile message to the plaintiff.  *Id*. at *5.  Although the allegations in *Josemite IV* are arguably more substantial than the ones here, the case still provides persuasive authority for remanding this case.

7-Eleven also relies on *Mohammed v. American Airlines, Inc.*, but that case addressed "a claim for intentional infliction of emotional distress against the supervisor," not a claim for harassment. No. C 19-01946 WHA, 2019 WL 3577160, at *3 (N.D. Cal. Aug. 6, 2019) (holding that plaintiff failed to allege "outrageous" conduct by supervisor, as is required for intentional infliction of emotional distress). Therefore, the court did not address *Roby*'s holding "that in some cases the hostile message that constitutes the harassment is conveyed through official employment actions." *Roby*, 47 Cal. 4th at 708. Additionally, in *Mohammed*, it was clear that amendment would be futile because "the only facts [plaintiff] offer[ed] in support of such an amendment are the same facts that he initially alleged." *Id*. at *4.

Based on the foregoing authority, even if Gerardo's alleged conduct is fairly characterized as "personnel management," this conduct may support a harassment claim if it conveyed a hostile message. The Court now turns to 7-Eleven's objection that Contreras has not alleged conduct that is severe or pervasive enough to establish a hostile work environment.

## C.    Hostile Work Environment

7-Eleven argues that the conduct alleged in the complaint is not "severe or pervasive" enough to create a hostile work environment. Mot. at 10. This argument is not persuasive. Assessing the hostility of a workplace is a fact-bound inquiry, and "even one instance of harassment can be sufficient" to state a claim. *Doe v. Wells Fargo Bank, N.A.*, No. CV 19-5586-GW-PLAx, 2019 WL 3942963, at *6 (C.D. Cal. Aug. 19, 2019); *see also Xie*, 2025 WL 1135082, at *3. Based on the allegations in the complaint, the Court cannot conclude that Gerardo's alleged conduct was so sporadic and inoffensive that Contreras's harassment claim would necessarily fail in state court. As discussed above, Gerardo allegedly ordered Contreras to perform painful tasks when she returned from medical leave, despite knowing that Contreras was injured, and even though these tasks were not typically within the scope of Contreras's responsibilities. *Id*. ¶¶ 10, 14. Gerardo's conduct allegedly caused Contreras "continual pain." *Id*. ¶¶ 14, 29-30. In light of these allegations, 7-Eleven has not shown by clear and convincing evidence that Gerardo was fraudulently joined.

United States District Court
Northern District of California

8

United States District Court
Northern District of California

**IV.    CONCLUSION**

For the foregoing reasons, upon de novo review, 7-Eleven's objection is OVERRULED, and the report and recommendation is ADOPTED in every respect.  The case is REMANDED to Santa Cruz County Superior Court.

**IT IS SO ORDERED.**

Dated: February 2, 2026

Eumi K. Lee
United States District Judge